*E-filed 3/17/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARLENE BREWER, | No. C07-06057 HRL |
| Plaintiff, | |
| v. | **ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |
| COMERICA BANK, | Re: Docket No. 2 |
| Defendant. | |

On November 30, 2007, Darlene Brewer sued under Title VII of the Civil Rights Act of 1964. On that same day, she filed an application to proceed *in forma pauperis*. In January of 2008, plaintiff consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. FED.R.CIV.P. 73; 28 U.S.C. § 636(c). Accordingly, this court has authority to decide this application. *See, e.g., Tripati v. Rison*, 847 F.2d 548 (9th Cir.1988) (noting that absent consent of all parties to Magistrate Judge jurisdiction, Magistrate Judge not authorized to deny motion to proceed *in forma pauperis*).[1]

---

[1] Because defendant has not yet been served, it is not a party to this action. As such, the court currently has consent over all parties under 28 U.S.C. § 636(c). *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented, because the owner failed to comply with applicable filing requirements and therefore was not a party).

Under 28 U.S.C. § 1915(a)(1), a person submitting the application to proceed *in forma pauperis* must include a statement of all assets demonstrating the person is unable to pay the court costs and fees. *Also see* Civil Local Rule 3-10(b). The policy for allowing plaintiffs to proceed *in forma pauperis* is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948). An affidavit to proceed *in forma pauperis* is sufficient if it indicates "that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents' with the necessities of life." *Id.* at 339.

This court's filing fee for a civil case is $350. According to her application, Brewer's income totals approximately $30,576 a year or $2,582 a month ($1680 after taxes). Further, she states that her monthly expenses for rent, food, utilities and clothing total approximately $977. Brewer also makes monthly debt payments of approximately $125. The post-tax income minus necessity expenses and debt payments leaves a balance of approximately $578 per month. Therefore, Brewer's income is sufficient to require her to pay the court filing fee without depriving her of the ability to pay for necessities.

## CONCLUSION

The Application to Proceed *in forma pauperis* is DENIED. The filing fee of $350.00 shall be paid **no later than April 14, 2008**. Failure to pay the filing fee by that date will result in dismissal of the above-entitled action without prejudice.

The plaintiff is hereby apprised of her responsibility to serve the complaint and any amendments, scheduling orders and attachments, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Furthermore, given the delay in the processing of this application, the court will extend plaintiff's time to serve defendant with a summons until **June 12, 2008.**

The Case Management Conference currently set for March 18, 2008 is continued to **July 8, 2008 at 1:30 p.m** (Courtroom 2, 5th floor of the United States District Court, San Jose). The parties' joint case management statement shall be filed no later than **July 1, 2008.**

//

Once defendant has appeared, Brewer shall provide it with a copy of this notice. Finally, plaintiff has a continuing obligation to keep the court informed of her current address. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated:   3/17/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

2

3  Darlene Brewer
   1035 McKay Drive #24
   San Jose, CA 95131
4

5

6  Dated: 3/17/08                          KRO
                              Chambers of Magistrate Judge Lloyd
7