1   McPHARLIN SPRINKLES & THOMAS LLP
    LINDA HENDRIX McPHARLIN, Bar #71917
2   ANNE C. STROMBERG, Bar #151740
    10 Almaden Blvd., Suite 1460
3   San Jose, California 95113
    Telephone: (408) 293-1900
4   Facsimile: (408) 293-1999

5   Attorneys for Defendant
    COMERICA BANK

6

7                    IN THE UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10  DARLENE BREWER,                    )    No.     CV 07-06057 HRL
                                       )
11          Plaintiff,                 )    DEFENDANT COMERICA BANK'S
                                       )    NOTICE OF MOTION AND MOTION TO
12                                     )    DISMISS FOR FAILURE TO STATE A
    v.                                 )    CLAIM UPON WHICH RELIEF CAN BE
                                       )    GRANTED (FRCP 12(b)(6)), OR IN THE
13                                     )    ALTERNATIVE, MOTION FOR MORE
    COMERICA BANK,                     )    DEFINITE STATEMENT (FRCP 12(e));
14                                     )    POINTS AND AUTHORITIES
            Defendant.                 )
15                                     )    Date:   June 10, 2008
                                       )    Time:   10:00 a.m.
16                                     )    Dept.:  2, 5th Floor
                                       )    Judge:  Hon. Howard R. Lloyd
17  _____  )

18      **TO PLAINTIFF, DARLENE BREWER, IN PRO PER:**

19      **PLEASE TAKE NOTICE**, that on June 10, 2008, at 10:00 a.m., or as soon thereafter as

20  the matter may be heard before the Honorable Judge Howard R. Lloyd, in Courtroom 2 of the

21  above-entitled Court, located at 280 South First Street, Fifth Floor, San Jose, California,

22  defendant Comerica Bank will move the Court to dismiss the action pursuant to FRCP 12(b)(6)

23  because plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff

24  fails to allege any facts to support a claim against defendant.

25      In the alternative, defendant will request that plaintiff be compelled to furnish a more

26  definite statement, under FRCP 12(e), as to the following:

27      1)      Whether plaintiff's claim states facts sufficient to constitute a cause of action under

28  Title VII of the Civil Rights Act of 1964; and

1

Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted (FRCP
12(b)(6)), or in the Alternative, Motion for More Definite Statement (FRCP 12(e)); Points and Authorities

1        2)      What cause of action is directed against defendant.

2    This motion will be based on this Notice of Motion and Motion, the Memorandum of

3  Points and Authorities, and the pleadings and papers filed herein.

4

5  Dated: April 28, 2008                    McPHARLIN SPRINKLES & THOMAS LLP

6

7

8                                           By:   /s/ Anne C. Stromberg
                                                  Anne C. Stromberg
                                            Attorneys for Defendant
9                                           COMERICA BANK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted (FRCP
12(b)(6)), or in the Alternative, Motion for More Definite Statement (FRCP 12(e)); Points and Authorities

1   McPHARLIN SPRINKLES & THOMAS LLP
    LINDA HENDRIX McPHARLIN, Bar #71917
2   ANNE C. STROMBERG, Bar #151740
    10 Almaden Blvd., Suite 1460
3   San Jose, California 95113
    Telephone:  (408) 293-1900
4   Facsimile:  (408) 293-1999

5
    Attorneys for Defendant
6   COMERICA BANK

7
                        IN THE UNITED STATES DISTRICT COURT
8
                        NORTHERN DISTRICT OF CALIFORNIA
9

10  DARLENE BREWER,                    )   No.    CV 07-06057 HRL
                                       )
11              Plaintiff,             )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN SUPPORT OF
12                                     )   MOTION TO DISMISS FOR FAILURE TO
    v.                                 )   STATE A CLAIM UPON WHICH RELIEF
13                                     )   CAN BE GRANTED (FRCP 12(b)(6)), OR
                                       )   IN THE ALTERNATIVE, MOTION FOR
14  COMERICA BANK,                     )   MORE DEFINITE STATEMENT (FRCP
                                       )   12(e)); POINTS AND AUTHORITIES
15              Defendant.             )
                                       )   Date:    June 10, 2008
16                                     )   Time:    10:00 a.m.
                                       )   Dept.:   2, 5th Floor
17                                     )   Judge:   Hon. Howard R. Lloyd
                                       )
18  _____)

19  I.      INTRODUCTION

20          This lawsuit was filed by Darlene Brewer, pro per, against her former employer Comerica

21  Bank.  In the complaint, Ms. Brewer identifies Title VII of the Civil Rights Act of 1964;

22  however, she alleges no facts whatsoever to support any legal claim against defendant.

23  II.     ARGUMENT

24          Motions under Federal Rule of Civil Procedure 12(b) may be brought at any time before an

25  answer or other responsive pleading is filed.  FRCP 12(b); *Aetna Life Ins. Co. v. Alla Medical*

26  *Services, Inc.,* 855 F.2d 1470, 1474 (9th Cir. 1988).

27

28

**A.    Dismissal Is Appropriate Because Plaintiff's Complaint Fails To Allege Any Legal Basis For Liability Against Comerica Bank.**

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate if "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996).   In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill*, 80 F.3d at 338.  If there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory, then the motion should be granted.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Here, Plaintiff alleges that defendant "violated her rights" under Title VII, and she complained to the Human Resources department about "the unfair treatment".   No additional facts or discernable legal theory is pled against Comerica Bank in this matter.  Dismissal is warranted.

**B.    In The Alternative, Plaintiff Should Be Compelled To Provide A More Definite Statement As To Comerica Bank's Alleged Conduct.**

Federal Rule of Civil Procedure 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct."  Federal Rule of Civil Procedure 12(e) provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."  *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal.1988).  "Whether or not the motion should be granted or denied depends primarily on the facts of each individual case, and it is ultimately within the Court's discretion to determine whether the information sought by the movant is necessary to enable him to prepare a responsive pleading."  *Kuenzell v. U.S.*, 20 F.R.D. 96, 98 (N.D. Cal. 1957).

1   Comerica Bank cannot frame a responsive pleading to the current complaint; it is simply

2   devoid of essential factual allegations and legal theory.  In the event that Comerica Bank's

3   motion to dismiss under FRCP 12(b)(6) fails, defendant requests that the court order plaintiff to

4   amend her complaint to provide a more definite statement as to her factual allegations and legal

5   claim.

6                                   **CONCLUSION**

7   Comerica Bank requests that this court sustain this motion to dismiss.

8   Dated: April 28, 2008                          McPHARLIN SPRINKLES & THOMAS LLP

9

10

11                                      By:   /s/ Anne C. Stromberg
                                                Anne C. Stromberg
12                                      Attorneys for Defendant
                                        COMERICA BANK
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28