United States District Court
For the Northern District of California

*E-filed June 10, 2008*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARLENE BREWER, | No. C07-06057 HRL |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| COMERICA BANK, | Re: Docket Number 11 |
| Defendant. | |

*Pro se* plaintiff Darlene Brewer sues under Title VII of the Civil Rights Act of 1964. Her complaint alleges that "Defendant Comerica Bank Has violated her rights under Title VII of the Civil Rights Act," and that "Plaintiff has contacted her HR department and supervisors to complain about the unfair treatment." Defendant filed a motion to dismiss the complaint for failure to state a claim, and an alternative motion for a more definite statement.[1]

*Pro se* pleadings are liberally construed. *Haines v. Kerner,* 404 U.S. 529, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a)(2) still requires a *pro se* plaintiff to make a "short and plain statement of the claim . . . [that gives] the defendant notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims presented. "Dismissal can be based on the lack of a cognizable legal theory or the

---

[1] Pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c), both parties have consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica
2  Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All material, factual allegations in the
3  complaint must be taken as true and construed in the light most favorable to the claimant . *See
4  id.* at 699. "However, the court is not required to accept legal conclusions cast in the form of
5  factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."
6  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  The Supreme Court
7  most recently explained that "while a complaint attacked by a Rule 12(b)(6) motion to dismiss
8  does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
9  'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
10 the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,
11 1964 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to
12 relief above the speculative level on the assumption that all the allegations in the complaint are
13 true (even if doubtful in fact)." *Id*. (citations omitted).
14      Title VII prohibits employment discrimination based on race, color, religion, sex and
15 national origin. It is impossible to glean what discriminatory action plaintiff may have suffered,
16 or what the illegal basis for the discrimination was from the face of the Complaint. A plaintiff
17 must make those two factual allegations at a minimum to state a claim under Title VII of the
18 Civil Rights Act of 1964. Here, plaintiff fails to make *any* factual allegations, aside from the
19 "fact" that she complained about something to her employers, and merely draws the conclusion
20 that defendant violated her Title VII rights without informing the defendant, or the court, how
21 or why. In light of these deficiencies, defendant's motion to dismiss the complaint must be
22 granted. However, plaintiff will be granted leave to amend.

2

1  Defendant's Motion to Dismiss the Complaint is GRANTED, with leave to amend.
2  Plaintiff should file an amended complaint no later than July 10, 2008.

**IT IS SO ORDERED.**

Dated:   June 10, 2008.



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Anne Courtney Stromberg   astromberg@mstpartners.com, nat@mstpartners.com

Darlene Brewer
P.O. Box 611032
San Jose, CA 95161

Dated: June 10, 2008                             /s/   MPK
                                          Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California