McPHARLIN SPRINKLES & THOMAS LLP
LINDA HENDRIX McPHARLIN, Bar #71917
ANNE C. STROMBERG, Bar #151740
10 Almaden Blvd., Suite 1460
San Jose, California 95113
Telephone: (408) 293-1900
Facsimile: (408) 293-1999

Attorneys for Defendant
COMERICA BANK

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE BREWER, ) | No.    CV 07-06057 HRL |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANT'S ANSWER TO |
| v. ) | PLAINTIFF'S AMENDED COMPLAINT |
| ) | |
| COMERICA BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Comerica Bank ("defendant"), by and through its undersigned counsel, hereby files its Answer to plaintiff's Employment Discrimination Complaint ("amended complaint") and states as follows:

1. In answer to Paragraph 1 of the amended complaint, defendant admits to the allegations therein.

2. In answer to Paragraph 2 of the amended complaint, defendant admits to the allegations therein.

3. In answer to Paragraph 3 of the amended complaint, defendant acknowledges the jurisdiction of the United States District Court.

4. In answer to Paragraph 4 of the amended complaint, defendant denies each and every allegation therein.

5. In answer to Paragraph 5 of the amended complaint, defendant denies each and every allegation therein.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

6. In answer to Paragraph 6 of the amended complaint, defendant has insufficient knowledge within which to admit or deny, and on that basis denies each and every allegation therein.

7. In answer to Paragraph 7 of the amended complaint, defendant denies each and every allegation therein.

8. In answer to Paragraph 8 of the amended complaint, defendant admits to the allegations therein.

9. In answer to Paragraph 9 of the amended complaint, defendant admits that the Equal Employment Opportunity Commission issued a notice of Right to Sue letter but believes the Right to Sue letter would not have been received by plaintiff until on or about September 4, 2007.

10. In answer to Paragraph 10 of the amended complaint, defendant acknowledges that plaintiff waives a jury trial.

11. In answer to Paragraph 11 of the amended complaint, defendant denies that plaintiff is entitled to judgment on her amended complaint or that plaintiff is entitled to legal or equitable relief of any kind, or in any amount, on her amended complaint.

**AS FOR ITS AFFIRMATIVE DEFENSES, DEFENDANT ASSERTS AND ALLEGES AS FOLLOWS**:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Cause Of Action)**

12. The amended complaint, and each cause of action alleged in the amended complaint, fails to state facts sufficient to constitute a cause of action against defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Mitigation Of Damages)**

13. Plaintiff failed to act reasonably to mitigate the damages alleged in the amended complaint, if any.

**THIRD AFFIRMATIVE DEFENSE**
**(Actual Cause)**

14. The alleged actions, communications and conduct, if any, of defendant were not the actual cause of the injuries complained of by plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

15. The alleged actions, communications and conduct, if any, of defendant were not a proximate cause of damages to plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unreasonable Delay)**

16. The amended complaint, and each cause of action alleged in the amended complaint, is barred by the doctrine of laches because of plaintiff's unreasonable delay in bringing this action.

**SIXTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

17. The amended complaint, and each cause of action alleged in the amended complaint, is barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute Of Limitations)**

18. The amended complaint, and each cause of action alleged in the amended complaint, is barred by the applicable statutes of limitations including, but not limited to Title VII of the Civil Rights act of 1964. 42 U.S.C. Section 2000e-5 et seq.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Legitimate Nondiscriminatory Reasons)**

19. Any and all conduct of which plaintiff complains which is attributable to defendant was a just and proper exercise of discretion on the part of defendant undertaken for legitimate nondiscriminatory reasons.

**NINTH AFFIRMATIVE DEFENSE**
**(Legitimate Nonretaliatory Reasons)**

20. Any and all conduct of which plaintiff complains which is attributable to defendants was a just and proper exercise of discretion on the part of defendant undertaken for legitimate nonretaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

21. Plaintiff is barred and estopped by unclean hands from asserting any alleged cause of action against defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Exhaustion Of Remedies)**

22.     Plaintiff has failed to exhaust her administrative and/or internal remedies, including but not limited to those administrative remedies required under Title VII, and has failed to obtain a notice of the right to bring a civil action from the Equal Employment Opportunity Commission, as to some or all of her claims.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Worker's Compensation Exclusivity)**

23.     Any and all claims for injury or emotional distress are barred by the exclusive remedies provisions of the Worker's Compensation Act set forth in California Labor Code §§ 3600 et seq. and related provisions of law.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

24.      This answering defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses are available.

WHEREFORE, defendants request judgment as follows:

1.     That plaintiff takes nothing by reason of the amended complaint;

2.     That the amended complaint be dismissed with prejudice;

3.     For attorneys' fees;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the court may deem just and proper.

Dated: July 8, 2008                          McPHARLIN SPRINKLES & THOMAS LLP


By:   /s/ Anne C. Stromberg
         Anne C. Stromberg
Attorneys for Defendant
COMERICA BANK

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT